■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY CALLAWAY, Appellant.— Order of the County Court, Suffolk County, dated October 20, 1967, affirmed. No opinion. Beldock, P. J., Brennan, Rabin and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the order and to grant a hearing on defendant's *coram nobis* application, with the following memorandum: On June 5, 1964 defendant was convicted of second degree manslaughter, after a jury trial, and was sentenced to a 5 to 10 year term. No notice of appeal from that judgment was filed. Defendant's *coram nobis* petition alleges that his court-assigned counsel, Edward La Freniere, promised to file a notice of appeal but failed to do so. Our own court records and the official reports (*Matter of Suffolk County Bar Assn.* v. *La Freniere*, 26 A D 2d 946, mot. for lv. to app. dsmd. 19 N Y 2d 809, mot. to vacate dismissal of mot. lv. app. den. 19 N Y 2d 920) disclose that this attorney was disbarred on November 15, 1966, and that among the charges of misconduct were several that he had neglected to take and prosecute appeals in criminal cases though he had been paid for such services. Nevertheless, the County Court denied defendant's *coram nobis* application without a hearing. In my opinion this was error. True it is that in February 1964 the Court of Appeals held in *People* v. *Kling* (14 N Y 2d 571, cert. den. 381 U. S. 920) that the failure of court-assigned counsel to keep his promise to file a notice of appeal did not entitle the defendant to *coram nobis* relief or even to a hearing on such allegation. But *Kling* was a 4 to 3 decision, and I believe its holding has been substantially eroded by subsequent events and by later decisions distinguishing it on grounds seemingly less tenable and substantial than that at bar. Thus, in December, 1964, the Administrative Board of the Judicial Conference imposed upon assigned counsel the duty to advise the defendant of his right to appeal and the procedure in effectuating that right, and the duty to file a notice of appeal if the defendant so desires. In *People* v. *Ludwig* (16 N Y 2d 1062 [Dec. 1, 1965]) the Court of Appeals ordered a *coram nobis* hearing to determine whether the defendant's indigency had prevented him from perfecting his appeal (which was dismissed for lack of prosecution), even though it was his retained counsel's apparent neglect that caused the dismissal. In *People* v. *Taylor* (25 A D 2d 439 [Jan. 10, 1966]) this court held that a *coram nobis* hearing was required on the defendant's allegations that he was indigent, that assigned counsel had told him he would need $1,000 to take an appeal, and that consequently no appeal had been taken. In *People* v. *Williams* (28 A D 2d 985 [Oct. 10, 1967]) our brethren in the First Department, citing *People* v. *Ludwig* (*supra*), held that a *coram nobis* hearing was required on the defendant's allegations that he was indigent, that retained counsel had told him it would cost $7,000 to take an appeal, and that he did not learn of his right to appeal in *forma pauperis* until after the time to appeal had expired. As I have earlier indicated, it well may be that the holding in *Kling* (*supra*) is now ripe for reconsideration, and upon such reconsideration it may be held generally that assigned counsel's unkept promise to appeal warrants *coram nobis* relief. Apart from that, it seems to me that the subsequent disbarment of this defendant's assigned counsel for just the kind of misconduct that defendant here alleges (namely, unkept promises to take and prosecute appeals) is sufficient to distinguish this case from *Kling*

and to bring it within the rationale of *Ludwig, Taylor* and *Williams*. Certainly, this fact established the patent incompetency of assigned counsel's representation of defendant. Certainly, the injustice to this defendant is at least as great as that to the defendants in the above-cited cases, whose attorneys told them it would cost too much to take an appeal. Certainly, if those defendants were entitled to be resentenced so they could appeal their convictions, this defendant is entitled to that same relief if he establishes his allegations at a hearing. Hence, I think it was error to deny his *coram nobis* application without a hearing.